## W. R. EVANTS ET AL. V. W. H. FUQUA ET AL.

### Decided April 11, 1908.

**Broker—Commissions—Contract.**

A broker or land agent is not entitled to commissions on a contract of sale made by him unless the contract is in accordance with the price and terms specified by the owner of the land. Where a land agent undertook, without authority, to bind his principal to pay liquidated damages in case of breach of the contract by the principal and to make such damages a lien on the land, the agent was not entitled to commissions upon refusal of the principal to consummate the sale, although the prospective purchaser was ready, able and willing to do so.

Appeal from the District Court of Deaf Smith County. Tried below before Hon. J. N. Browning.

No briefs furnished the reporter.

SPEER, ASSOCIATE JUSTICE.—This suit was instituted by W. R. Evants and James P. Hagler to recover the sum of $72,094 commissions as real estate brokers for selling seventy-two thousand and ninety-four acres of land belonging to John E. Ferguson and W. H. Fuqua, the defendants, and from an adverse judgment based on a peremptory instruction from the court the plaintiffs have appealed.

This action by the brokers grows out of the same transaction considered by us the case of John S. Hagler v. John E. Ferguson, this day decided, and is an effort to collect commissions upon the sale to John S. Hagler. The evidence in both records is substantially the same and appellants' right to have their case go to the jury is of course dependent upon whether or not their evidence tended to show that they had procured a purchaser in the person of John S. Hagler, ready, able, and willing to buy the lands of their principle at a price and on terms which they were authorized to make. The second reason assigned by us for affirming the judgment in the John S. Hagler suit for specific performance, is applicable to the present case and necessarily conclusive of these appellants' contention that their case should have gone to the jury. There is no evidence tending to show that appellants were authorized to impose upon their principal the onerous condition of an agreement to pay the sum of fifty dollars per day as liquidated damages for a breach of his contract to convey, and to secure the same by a lien on the lands in controversy. Nor is there any evidence tending to show that the proposed purchaser, John S. Hagler, would have taken the lands without this condition. This being true, appellants' evidence

failed to show that they had complied with their undertaking to procure a purchaser according to the terms of their employment.

Having thus decided the case on its merits, we have found it unnecessary to decide the very interesting questions raised by appellees in their motion to strike out appellants' statement of facts.

The judgment of the district court is affirmed.

*Affirmed.*

Writ of error granted and judgment affirmed, 102 Texas, 430.